1  Michael A. Kelly (CA State Bar #71460)
   mkelly@walkuplawoffice.com
2  Matthew D. Davis (CA State Bar #141986)
   mdavis@walkuplawoffice.com
3  Spencer J. Pahlke (CA State Bar #250914)
   spahlke@walkuplawoffice.com
4  WALKUP, MELODIA, KELLY
   & SCHOENBERGER
5  650 California Street, 26th Floor
   San Francisco, California 94108-2615
6  Telephone: (415) 981-7210
   Facsimile: (415) 391-6965
7

8  Michael L. McGlamry (GA State Bar #492515)
   mmcglamry@pmkm.com
9  Wade H. Tomlinson III (GA State Bar #714605)
   triptomlinson@pmkm.com
10 Kimberly J. Johnson (GA State Bar #687678)
   kimjohnson@pmkm.com
11 *Admitted Pro Hac Vice*
   Caroline G. McGlamry (CA State Bar #308660)
12 carolinemcglamry@pmkm.com
   POPE MCGLAMRY, P.C.
13 3391 Peachtree Road, NE, Suite 300
   Atlanta, Georgia 30326
14 Telephone: (404) 523-7706
   Facsimile: (404) 524-1648
15

**ATTORNEYS FOR PLAINTIFFS**

16

**ATTORNEYS FOR DEFENDANTS LISTED ON LAST PAGE**

17

Daniel Shulman (MN State Bar #100651)
daniel.shulman@gpmlaw.com
Julia Dayton Klein (MN State Bar #319181)
julia.daytonklein@gpmlaw.com
GRAY, PLANT, MOOTY, MOOTY,
& BENNETT, P.A.
80 South Eight Street, Suite 500
Minneapolis, Minnesota 55402
Telephone: (612) 632-3335
Facsimile: (612) 632-4335
*Admitted Pro Hac Vice*

Lynwood P. Evans (NC State Bar #26700)
lpe@wardandsmith.com
Edward J. Coyne III (NC State Bar #33877)
ejcoyne@wardandsmith.com
Jeremy M. Wilson (NC State Bar #43301)
jw@wardandsmith.com
WARD AND SMITH, P.A.
127 Racine Drive
Wilmington, North Carolina 28403
Telephone: (910) 794-4800
Facsimile: (910) 794-4877
*Admitted Pro Hac Vice*

18                    UNITED STATES DISTRICT COURT

19                    NORTHERN DISTRICT OF CALIFORNIA

20

21 TAMARA MOORE, GRETA L. ERVIN, RAFF
   ARANDO, NICHOLS SMITH, RENEE
22 EDGREN, CYNTHIA WELTON, SUSAN
   GOLIS, LYNN TUTAN, CHRISTINE KAROL,
23 ISAAC DUNCAN HAM IV, ALAYNA
   JOHNSON, EDWARD BAKER, SEAN
24 SPINGLER, VALERIE ROBERTSON, and
   AVA STERLING on behalf of themselves and all
25 others similarly situated,

26                    Plaintiffs,

27                    v.

28 MARS PETCARE US, INC.; ROYAL CANIN
   U.S.A., INC.; NESTLE PURINA PETCARE

Case 3:16-cv-07001-MMC

**JOINT CASE MANAGEMENT
STATEMENT**

1  COMPANY; HILL'S PET NUTRITION, INC.;
   PETSMART, INC.; MEDICAL
2  MANAGEMENT INTERNATIONAL, INC.;
   BLUEPEARL VET, LLC,
3
4                       Defendants.

5

6          Plaintiffs and Defendants above-named, by and through their undersigned attorneys, hereby

7  submit this Joint Case Management Statement pursuant to this Court's Order of January 4, 2017,

8  Civil Local Rule 16-9, FRCP Rule 26(f), ADR Civil Local Rule 3-5, and the Standing Order for All

9  Judges of the Northern District of California.

10         1.      Jurisdiction and service:

11         The asserted basis for the Court's subject matter jurisdiction is 15 U.S.C. §§ 15, 26, and 28

12 U.S.C. §§ 1331, 1337.  The Court also has jurisdiction pursuant to 28 U.S.C. § 1332(d) because

13 there are more than 100 class members and the aggregate amount in controversy exceeds

14 $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a

15 state different from at least one Defendant.  All Defendants have been served.  Plaintiffs assert that

16 no issues exist regarding personal jurisdiction or venue.

17         Defendants do not at this time dispute the Court's subject matter jurisdiction.

18         2.      Facts:

19 **Plaintiffs' statement:**

20         During at least the four years next prior to the filing of the Amended Complaint, all

21 Defendants have been selling certain brands of dog and cat food that require consumers to obtain a

22 prescription from a veterinarian as a condition of purchase ("Prescription Pet Food").  Defendants

23 MARS PETCARE US, INC. ("Mars"), NESTLÉ PURINA PETCARE COMPANY ("Purina"),

24 HILL'S PET NUTRITION, INC. ("Hills"), and ROYAL CANIN U.S.A., Inc. ("Royal Canin"), are

25 manufacturers of Prescription Pet Food.  Combined, these Defendants sell more than 90 percent of

26

27

28

all Prescription Pet Food in the United States, and more than 60 percent of non-prescription dog and cat food.  Defendants PETSMART, INC. ("PetSmart"), MEDICAL MANAGEMENT INTERNATIONAL, INC. ("Banfield"), and BLUEPEARL VET, LLC ("Blue Pearl") purchase Prescription Pet Food from Mars, Royal Canin, Purina, and Hills for resale to consumers.  Banfield and Blue Pearl together operate more than 900 veterinary clinics and pet hospitals and employ more than 3,700 veterinarians.  PetSmart is the largest retailer of Prescription Pet Food and non-prescription pet food in the United States.  In 1994, PetSmart and Banfield entered into a strategic partnership agreement, pursuant to which Banfield established locations at PetSmart stores.  Until at least June 17, 2015, Mars owned 79 percent of Banfield, and PetSmart owned 21 percent.  Mars thereafter acquired PetSmart's interest in Banfield. Mars is the 90 percent owner of Blue Pearl.  Mars has also entered into an agreement to acquire another veterinary hospital chain, VCA, Inc., with approximately 800 locations.  The completion of this acquisition will give Mars ownership of more than 1,700 veterinary locations employing approximately 15 percent of all companion-animal veterinarians in the United States.

Plaintiffs are consumers that have purchased Prescription Pet Food for their pets made or sold by one or more of the Defendants during the relevant statute of limitations.

Prescription Pet Food prices exceed prices for non-prescription dog and cat food.  The United States Food and Drug Administration ("FDA") does not require that Defendants sell Prescription Pet Food pursuant to a prescription.  Defendants have never submitted their Prescription Pet Food to the FDA for review, approval, and regulation as a prescription drug product.

Plaintiffs claim that all Defendants have entered into a contract, combination, and conspiracy to sell Prescription Pet Food at artificially enhanced prices in violation of Section 1 of the Sherman Act, 15 U.S.C. Section 1, and that Defendants Mars and Royal Canin have violated California consumer protection and false advertising laws.  Further, Defendants Mars, Royal Canin,

3

and Purina have violated the respective consumer statutes in the states alleged, i.e. Missouri, Florida, New Jersey, North Carolina, Massachusetts and New York.  Defendants deny that they have engaged in the violations claimed by Plaintiffs.

The principal factual issues in dispute include:

1.  Whether Defendants entered into a contract, combination, or conspiracy to fix, raise, stabilize, or peg prices of Prescription Pet Food.

2.  Whether Defendants made misrepresentations in connection with the marketing and sale of Prescription Pet Food.

3.  Whether Defendants' marketing and sale of Prescription Pet Food was misleading to consumers.

4.  Whether Plaintiffs and the Plaintiff Classes have sustained loss or damage to their business or property by reason of their purchase of Defendants' Prescription Pet Food.

5.  The amount of any damage sustained by Plaintiffs and the Plaintiff Classes by reason of their purchase of Defendants' Prescription Pet Food.

6.  Whether, if Defendants' conduct is not a *per se* violation of Section 1 of the Sherman Act, (a) the United States market for dog and cat food ("pet food") is the relevant market in this case; (b) the anticompetitive effects of Defendants' conduct in the relevant market outweigh the pro-competitive benefits, if any; and (c) less restrictive alternatives existed for achieving the pro-competitive benefits.

**Defendants' statement:**

Defendants deny the allegations in the Complaint, including that they entered into any contract, combination, or conspiracy to fix, raise, stabilize, or peg prices of Prescription Pet Food; that they made misrepresentations in connection with the marketing and sale of Prescription Pet Food; that the marketing and sale of Prescription Pet Food was misleading; and that Plaintiffs or the classes they purport to represent have sustained loss or damage by purchasing Prescription Pet

4

1    Food.

2          Defendants further assert that the Complaint fails to state a claim upon which relief can be

3    granted because the Complaint does not, among other reasons, satisfy the requirements of *Bell*

4    *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and its progeny; Federal Rule of Civil Procedure

5    9(b); or the elements of the recited causes of action.

6          3.     Legal Issues:

7          1.  Whether Defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1.

8          2.  Whether Defendants violated California Bus. & Prof. Code §§ 17200, *et seq.*

9          3.  Whether Defendants violated California Bus. & Prof. Code § 17500 *et seq.*

10         4.  Whether Defendants violated California Civil Code §§ 1750, *et seq.*

11         5.  Whether Defendants violated California law of unjust enrichment.

12         6.  Whether Defendants violated Missouri's Merchandising Practices Act.

13         7.  Whether Defendants violated Florida's Deceptive And Unfair Trade Practices Act.

14         8.  Whether Defendants violated Florida law of unjust enrichment.

15         9.  Whether Defendants violated New Jersey's Consumer Fraud Act.

16         10.  Whether Defendants violated North Carolina's Unfair And Deceptive Trade Practices

17    Act.

18         11.  Whether Defendants violated North Carolina law of unjust enrichment.

19         12.  Whether Defendants violated New York's Consumer Protection Act.

20         13.  Whether this action may be maintained as a class action and the classes to be certified.

21         14.  Whether any Plaintiff or the putative classes have standing or suffered any cognizable

22    injury or damage as a resulted of the alleged unlawful conduct.

23         15.  Whether Plaintiffs are entitled to injunctive relief under Section 16 of the Clayton Act,

24    15 U.S.C. § 26, or the California statutes identified in the Complaint.

25         4.     Motions:

5

Plaintiffs filed an Amended Complaint on February 16, 2017, adding one new defendant, nine additional plaintiffs, and eight new causes of action.  The Defendants have until April 3, 2017 to respond, and intend to move to dismiss all claims for failure to state a claim.

As discussed hereafter, Plaintiffs will be moving for class certification.  Further, Plainitffs' counsel intend to file a Motion for Interim Class Counsel under F.R.C.P. Rule 26(g).  (*See* ¶ 14 *infra.*)

5.      <u>Amendment of Pleadings:</u>

Plaintiffs filed an Amended Complaint on February 16, 2017.  No further amendments are anticipated, subject to the caveats that there may come to be additional Plaintiffs, and that this Court's ruling on defense motions may require further amendment.  Defendants reserve the right to oppose any further leave to amend.

6.      <u>Evidence Preservation:</u>

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  Plaintiffs proposed a stipulated ESI Protocol on February 21, 2017.  The parties have agreed to continue to negotiate an acceptable stipulated ESI Protocol.

7.      <u>Disclosures:</u>

The parties have agreed that their responses to discovery shall stand in lieu of Rule 26 disclosures.

8.      <u>Discovery:</u>

The parties have divergent views on discovery, which are set forth in their separate statements below.  The parties have agreed, however, that they will continue to negotiate to arrive at a stipulated ESI protocol and a stipulated protective order.  Plaintiffs propose that any disputes or impasses with regard to the ESI Protocol and stipulated protective order shall be referred to the Magistrate Judge for resolution.

**Plaintiffs' statement:**

The Plaintiffs have served requests for production of documents on Defendants except Royal Canin.  Plaintiffs are also collecting and will produce to Defendants documents relevant to Plaintiffs' claims without the need for formal discovery requests.  Plaintiffs will work with Defendants to schedule depositions of named Plaintiffs at Defendants' earliest convenience.

Plaintiffs have requested that the parties waive the 10 deposition limit under Rule 30 in light of the scope of this lawsuit, which involves 15 Plaintiffs, seven Defendants, and a nationwide multi-year course of conduct related to scores of dog and cat food products.  Plaintiffs are unable to understand the basis for Defendants' view, set forth below, that the 10-deposition limit should not be waived, inasmuch as such a limit would not even allow Defendants to depose all 15 Plaintiffs. Other discovery limits in the Federal Rules will remain. The parties intend to enter into a stipulated e-discovery order.  Plaintiffs have also provided Defendants with this Court's Model Stipulated Protective Order for Standard Litigation.

Plaintiffs believe that discovery should not be stayed during the pendency of Defendants' motions to dismiss.  At the very least, Plaintiffs should be permitted to conduct third party discovery and document discovery, so that these proceedings are not unnecessarily delayed while Defendants' motions are pending.  Plaintiffs request discovery issues be referred to the Magistrate Judge for scheduling and resolution of disputes.

The parties' views with regard to a Rule 26(f) discovery plan are embodied in the proposed schedules set out in Section 17, *infra*.  There are no other discovery disputes at present except as specifically noted herein.

**Defendants' statement:**

Defendants have already begun taking reasonable steps to prepare for the commencement of discovery in the event the Court determines that the Complaint states a claim.  Accordingly, Defendants have provided Plaintiffs with a stipulated protective order for their review.  Defendants

believe that a stay of discovery is appropriate unless and until the Court determines that Plaintiffs

have pled viable claims.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (confirming that

federal courts "retain the power to insist upon some specificity in pleading before allowing a

potentially massive factual controversy to proceed.") (quoting *Car Carriers Inc. v. Ford Motor Co.*,

745 F.2d 1101, 1106 (7th Cir. 1984)); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738

(9th Cir. 1987) ("In antitrust cases this procedure especially makes sense because the costs of

discovery in such actions are prohibitive. . . . It is sounder practice to determine whether there is any

reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the

expense of discovery.").

At a minimum, the motions could significantly affect the size and scope of the case; for

example, if the Sherman Act conspiracy claim (Count I) is dismissed, the three retailer defendants

(Petsmart, Inc., Medical Management International, Inc., and BluePearl Vet, LLC) will be out of the

case entirely, and the remaining claims will be severable as between the four manufacturer

defendants (Mars Petcare US, Inc., Nestlé Purina Petcare Company, Hill's Pet Nutrition, Inc. and

Royal Canin USA, Inc.).

Despite the uncertainty about which claims, if any, will proceed following motions to

dismiss, Plaintiffs have served Defendants with 465 document requests.  Defendants' position is that

the Amended Complaint presents no basis to deviate from the policy articulated in *Twombly*, *i.e.* to

first determine whether the allegations plausibly state a claim before requiring defendants to incur

considerable time and expense in responding to early discovery.

At this time, Defendants do not believe that increases in the number of depositions permitted

by Rule 30 are warranted; in that event that all 15 of the named Plaintiffs and all seven of the named

Defendants remain in the case, and subject to which of Plaintiffs' causes of action (if any) remain

following the Court's rulings on motions to dismiss, Defendants will meet and confer with Plaintiffs

over the necessity, if any, for increases in the deposition limits.

9.     Class Actions:

**Plaintiffs' statement:**

Plaintiffs contend that this action is maintainable as a class action under Fed. R. Civ. P. 23(a) and 23(b)(2) and (3).

The classes on whose behalf the action is brought include: all persons in the United States who purchased Prescription Pet Food from PetSmart, Banfield Pet Hospital, Blue Pearl Vet Hospital, or any other Defendant, for the purposes of Plaintiffs' Sherman Act claim ("Nationwide Direct Purchaser Class"); all persons in the United States who purchased Prescription Pet Food advertised or sold by Purina for the purposes of Plaintiffs' state law claims ("Nationwide Purina Class"); all California residents who purchased Royal Canin Prescription Pet Foods from any retailer in California, for the purposes of Plaintiffs' state law claims ("Royal Canin California Class"); all California residents who purchased Iams Prescription Pet Foods from any retailer in California, for the purposes of Plaintiffs' state law claims ("Iams California Class"); and all California residents who purchased Hill's Prescription Pet Foods from any retailer in California, for the purposes of Plaintiffs' state law claims ("Hill's California Class"); all Missouri residents who purchased Royal Canin Prescription Pet Foods from any retailer in Missouri ("Royal Canin Missouri Class"); all Missouri residents who purchased Hill's Prescription Pet Foods from any retailer in Missouri ("Hill's Missouri Class"); all Florida residents who purchased Royal Canin Prescription Pet Foods from any retailer in Florida ("Royal Canin Florida Class"); all Florida residents who purchased Hill's Prescription Pet Foods from any retailer in Florida ("Hills Florida Class"); all New Jersey residents who purchased Royal Canin Prescription Pet Foods from any retailer in New Jersey ("Royal Canin New Jersey Class"); all New Jersey residents who purchased Hill's Prescription Pet Foods from any retailer in New Jersey ("Hill's New Jersey Class"); all North Carolina residents who purchased Royal Canin Prescription Pet Foods from any retailer in North Carolina ("Royal Canin North Carolina Class"); all North Carolina residents who purchased Hill's

Prescription Pet Foods from any retailer in North Carolina ("Hill's North Carolina Class"); all Massachusetts residents who purchased Royal Canin Prescription Pet Foods from any retailer in Massachusetts ("Royal Canin Massachusetts Class"); all Massachusetts residents who purchased Hill's Prescription Pet Foods from any retailer in Massachusetts ("Hill's Massachusetts Class"); all New York residents who purchased Royal Canin Prescription Pet Foods from any retailer in New York ("Royal Canin New York Class"); and all New York residents who purchased Hill's Prescription Pet Foods from any retailer in New York ("Hill's New York Class").

Plaintiffs are entitled to maintain this case as a class action under Fed. R. Civ. P. 23(a) and (b) because the classes include at least thousands of consumers and are therefore so numerous that joinder of all members is impracticable; there are questions of law and fact common to the classes, including, for example, whether the Defendants have conspired to fix prices of Prescription Pet Food, and whether the Defendants' marketing and sale of Prescription Pet Food is deceptive; the claims of the named Plaintiffs are typical of the claims of the classes, inasmuch as all are purchasers of Prescription Pet Food; the representative parties are represented by experienced counsel and will therefore fairly and adequately protect the interests of the classes; the Defendants' alleged violations have generally applied to all class members so as to render injunctive relief appropriate; the common questions of law and fact, such as the existence of a price-fixing conspiracy and engaging in deceptive marketing and sales, predominate over individual questions; and a class action is superior to other available methods of resolving this controversy, in that individual claims are generally too small to warrant separate actions, and judicial efficiency is best served by combining all claims in a single action in this forum.

**Defendants' statement:**

Defendants dispute Plaintiffs' contention that this action may be certified under Rule 23 of the Federal Rules of Civil Procedure and will oppose Plaintiffs' motion for class certification.

10. <u>Related Cases:</u>

10

a.  *Roberts v. Mars Petcare US, Inc.*, No. 192935-1, Chancery Court for Knox County, Tennessee (complaint filed on or about January 11, 2017), removed to the U.S. District Court for the Eastern District of Tennessee, No. 17-cv-00043.

Defendants contend that the *Roberts* case is related.

On February 10, 2017, the parties in *Roberts* filed a Joint Motion re: Motion to Remand (granted February 27, 2017) setting a scheduled date, March 13, 2017, by which Plaintiffs are to file a Motion to Remand.  Therein, the parties agreed and the Court ordered that "Defendant shall not seek to consolidate or transfer this case to California prior to a decision on Plaintiff's Motion to Remand, unless other case(s) making allegations similar to those in the instant case are filed in the meantime."

b.  *Vanzant, et al. v. Hill's Pet Nutrition Inc., et al.*, No. 2017CH-3121, Chancery Division, Circuit Court of Cook County, Illinois (complaint filed on March 2, 2017).

Defendants contend that the *Vanzant* case, filed after the entry of the aforementioned stipulation in the *Roberts* case, is related.

In *Vanzant*, Plaintiff sued Hill's Pet Nutrition, Inc., PetSmart, Inc., Medical Management International, Inc. d/b/a Banfield Pet Hospital, and BluePearl Vet, LLC, for restitution/unjust enrichment and for violating the Illinois Consumer Fraud and Deceptive Business Practices Act on behalf of Illinois consumers.

11.    Relief:

**Plaintiffs' statement:**

The Plaintiffs seek damages equivalent to the total amount of the overcharge paid by Plaintiffs and the Plaintiff Classes by reason of Defendants alleged violations.  The amount of the overcharge will be calculated as the difference between the prices paid for Defendants' Prescription Pet Food and the prices that would have been paid in the absence of the alleged violations.  This difference will be determined through a regression analysis of the net effect on prices from

marketing and selling Prescription Pet Food with the requirement that the consumer obtain a prescription from a veterinarian as a condition of purchase.  This can be expressed as a percentage, which can then be applied against total sales of Prescription Pet Food by Defendants to the Plaintiffs' classes.  The exact amount of these calculations is premature at this time and requires discovery to obtain the relevant information and data.  Plaintiffs will also request permanent injunctive relief to prohibit the continuation of such violations as the jury shall find.  Plaintiffs will also seek costs, attorney fees, and multiple damages under such statutory claims on which Plaintiffs prevail.

**Defendants' statement:**

Defendants contend that, even if Plaintiffs prevail on liability, they did not suffer any cognizable damages, and will respond to Plaintiffs' damages theories at such time as they are proffered.

12.   Settlement and ADR:

Prospects for settlement will depend on the Court's rulings on dispositive defense motions and Plaintiffs' motion for class certification.  There have been no ADR efforts to date.  The parties have agreed to request the Court's permission to substitute an ADR process offered by a private provider selected by the parties.  The parties have further agreed that they will begin conferring to select a mediator following the Court's decisions on any dispositive motions made by Defendants and the Plaintiffs' motion for class certification.

13.   Consent to Magistrate Judge for All Purposes:

All parties will not so consent.

14.   Other References:

This case is not suitable for binding arbitration or a special master.

**Defendants' Statement:**

Depending upon the progression of the related cases identified above and/or the filing of other related cases, this case and any related cases may be suitable for the Judicial Panel on Multidistrict Litigation.

**Plaintiffs' Statement:**

The *Roberts* and *Vanzant* cases identified in paragraph 10 were filed after this litigation was filed and appear to duplicate or nearly duplicate large portions of the pleadings filed herein. Defendants have identified them as related to this case.  The *Roberts* case has been removed by the single Defendant (Mars) in that case.  It is not certain, but at least somewhat probable, that the Defendants (Hills, Medical Management, Blue Pearl and PetSmart) in *Vanzant* will remove that case.  The Plaintiff in the *Roberts* case has represented to the federal court there that it intends to move for remand.  Due to the uncertainty that either case will remain in the federal court system, and for other reasons including but not limited to the narrow scope of those two cases as pled and the fact that not all of the Defendants here have been named as a defendant in either of the two cases identified by Defendants here as related, Plaintiffs are unable to agree at this time that this case is suitable for the Judicial Panel on Multi-District Litigation.

Because Defendants assert that the two cases identified are related hereto, and because the complaints in each of those two cases appear to duplicate or nearly duplicate large portions of the pleadings filed herein and seek to certify classes that overlap, and therefore compete with, the classes pled in this action, Plaintiffs submit that Interim Counsel for the Class should be appointed pursuant to FRCP 23(g), and they intend to move for such appointment.

15.   Narrowing of Issues:

The parties do not believe that there are issues that can be narrowed by agreement or motion other than Defendants' dispositive motions.  They also cannot at this time suggest appropriate means to expedite the presentation of evidence at trial.  They will revisit this following the close of discovery.  The parties do not at this time request bifurcation of issues for trial, but reserve the right

to seek such bifurcation upon the development of the case in discovery.  Defendants also reserve the right to file motions to sever.

16.     Expedited Trial Procedure:

The parties agree that this is not a case for the Expedited Trial Procedure of General Order No. 64.

17.     Scheduling:

The parties have met and conferred and have agreed on a schedule to address motions to dismiss, to wit:

April 3, 2017: Defendants file their motions to dismiss (per ECF Nos. 40 & 45).

May 15, 2017: Plaintiffs file their oppositions to the motions to dismiss.

June 9, 2017: Defendants file their replies in support of the motions to dismiss.

June 23, 2017: Hearing on motions to dismiss.

The parties have further agreed to work to complete the scheduling of discovery, class certification issues and trial during the time reflected in the above schedule.

18.     Trial:

This would be a jury trial.  The parties expect a two-week trial.

19.     Disclosure of Non-Party Interested Entities of Persons:

The appropriate Certifications of Interested Entities or Persons have been filed.  With regard to the Plaintiffs, there are no other persons or entities to be disclosed.  As to Defendants, the persons or entities disclosed in their Certifications include Colgate-Palmolive Company, Mars, Inc., Argos Holdings, Inc., and Nestlé S.A.

20.     Professional Conduct:

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.     Other Matters:

None.

Dated:  March 10, 2017

WALKUP, MELODIA, KELLY & SCHOENBERGER

/s/ *Michael A. Kelly*
MICHAEL A. KELLY
Attorneys for Plaintiffs


/s/ *John E. Schmidtlein*
John E. Schmidtlein
Benjamin M. Greenblum
Matthew H. Jasilli
Xiao Wang
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
E-mail:  jschmidtlein@wc.com
E-mail:  bgreenblum@wc.com
E-mail:  mjasilli@wc.com
E-mail:  xwang@wc.com

Jeffrey E. Faucette
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone:  (415) 315-1669
Facsimile:  (415) 433-5994
E-mail:  jeff@skaggsfaucette.com

***Attorneys for Defendants Mars Petcare US, Inc.;
Medical Management International, Inc.; Royal
Canin USA, Inc., and BluePearl Vet, LLC***


/s/ *Bryan A. Merryman*
Bryan A. Merryman
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071

15

Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329
E-mail:  bmerryman@whitecase.com

Christopher M. Curran
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355
E-mail:  ccurran@whitecase.com

**Attorneys for Defendant Nestlé Purina Petcare Company**

*/s/ Eileen R. Ridley*
Eileen R. Ridley
James T. McKeown
Alan R. Ouellette
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone:  (415) 434-4484
Facsimile:  (415) 434-4507
E-mail:  eridley@foley.com
E-mail:  jmckeown@foley.com
E-mail:  aouellette@foley.com

**Attorneys for Defendant PetSmart, Inc.**

*/s/ Michael Frederick Tubach*
Michael Frederick Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701
E-mail:  mtubach@omm.com

**Attorneys for Defendant Hill's Pet Nutrition, Inc.**