1

2

3

4             IN THE UNITED STATES DISTRICT COURT

5            FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   TAMARA MOORE, et al.,                   Case No. 16-cv-07001-MMC

8               Plaintiffs,                 **ORDER GRANTING DEFENDANTS'
                                            MOTIONS TO DISMISS; AFFORDING
9          v.                               PLAINTIFFS LEAVE TO AMEND**

10  MARS PETCARE US, INC., et al.,
                                            Re: Dkt. Nos. 92, 93, 95
11              Defendants.

12

13         Before the Court are the following three motions, each filed April 3, 2017: (1)

14  "Motion to Dismiss Plaintiffs' Claims Under § 1 of the Sherman Act" ("Antitrust Motion"),

15  brought collectively by defendants Mars Petcare US, Inc. ("Mars"), Royal Canin U.S.A.,

16  Inc. ("Royal Canin"), Nestle Purina Petcare Company ("Purina"), Hill's Pet Nutrition, Inc.

17  ("Hills"), Petsmart, Inc. ("Petsmart"), Medical Management International, Inc. d/b/a

18  Banfield Pet Hospital ("Banfield"), and Bluepearl Vet, LLC ("Bluepearl"); (2) "Motion to

19  Dismiss Plaintiffs' State Law Claims" ("State Law Motion"), brought collectively by

20  defendants Mars, Royal Canin, Purina, and Hills (hereinafter, "Manufacturer

21  Defendants"); and (3) "Motion to Dismiss Plaintiffs' Sixth Cause of Action" ("MMPA

22  Motion"),[1] brought by defendant Purina, to the extent such claim is asserted against said

23  defendant.   All three motions have been fully briefed.

24         The matter came on regularly for hearing on July 7, 2017.  Michael A. Kelly and

25  Matthew D. Davis of Walkup, Melodia, Kelly & Schoenberger; Daniel Shulman and Julia

26

27         [1] Plaintiffs' Sixth Cause of Action is brought under the Missouri Merchandising
    Practices Act ("MMPA").
28

United States District Court
Northern District of California

1  Dayton Klein of Gray, Plant, Mooty, Mooty, & Bennett, P.A.; Michael L. McGlamry, Wade

2  H. Tomlinson III, and Caroline G. McGlamry of Pope McGlamry, P.C.; and Edward J.

3  Coyne III of Ward and Smith, P.A. appeared on behalf of plaintiffs.  John E. Schmidtlein,

4  Benjamin M. Greenblum, and Xiao Wang of Williams & Connolly LLP appeared on behalf

5  of Mars, Royal Canin, Banfield, and Bluepearl.  Christopher M. Curran and J. Frank

6  Hogue of White & Case LLP appeared on behalf of Purina.  Michael F. Tubach and

7  Hannah Y. Chanoine of O'Melveny & Myers LLP appeared on behalf of Hills.  Eileen R.

8  Ridley of Foley & Lardner LLP appeared on behalf of Petsmart.

9  The Court, having considered the parties' respective written submissions and the

10  arguments of counsel at the hearing, rules as follows.

11  **A.  Antitrust Motion**

12  All defendants move to dismiss Count I of plaintiffs' First Amended Complaint

13  ("FAC"), for failure to allege facts evidencing an agreement in violation of the Sherman

14  Act, 15 U.S.C. § 1.  For the reasons stated on the record at the hearing, the Court

15  agrees.

16  Accordingly, the Antitrust Motion is hereby GRANTED, with leave to amend to

17  allege facts sufficient to plead parallel conduct, see Bell Atlantic Corp. v. Twombly, 555

18  U.S. 544, 556-57 (2007), and "plus factors," see In re Musical Instruments & Equip.

19  Antitrust Litig., 798 F.3d 1186, 1194 (9th Cir. 2015).

20  **B.  State Law Motion**

21  Manufacturing Defendants move to dismiss Counts II-XIII of the FAC, plaintiffs'

22  state law claims, on the following grounds: (1) failure to plead fraud with sufficient

23  particularity under Rule 9(b) of the Federal Rules of Civil Procedure; (2) failure to allege

24  reliance and causation; (3) lack of standing to seek injunctive relief; (4) lack of standing to

25  bring a claim based on products not purchased by plaintiffs; and (5) failure to plead

26  entitlement to equitable relief.

27  For the reasons stated on the record at the hearing, the Court finds:

28  (1) Plaintiffs' state law claims, to the extent based on an alleged

2

1  misrepresentation, have not been pleaded with the particularity required by Rule 9(b),

2  namely, identification of the false or misleading statement, by whom it was

3  communicated, to whom it was communicated, and "what is false or misleading about

4  [the] statement."  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.

5  2003).

6        (2)  Plaintiffs have not alleged facts sufficient to plead reliance where required

7  under the relevant state consumer protection law, nor have they alleged facts sufficient to

8  plead proximate causation under any such law.

9        (3) Plaintiffs have failed to allege facts sufficient to plead Article III standing to

10  bring a claim for injunctive relief, in particular, facts demonstrating plaintiffs' intent to

11  purchase the accused products in the future despite their allegation that such products

12  are more expensive than products having the same composition.

13        (4) Plaintiffs have failed to allege facts sufficient to plead Article III standing to

14  bring a claim for any product not alleged to have been purchased by a named plaintiff.

15        (5) Given that plaintiffs' unjust enrichment claims are based on their allegations of

16  misrepresentation, and given the insufficiency of those claims as pleaded, plaintiffs

17  likewise fail to plead a claim for unjust enrichment.  Further, as to their unjust enrichment

18  claims under Florida and North Carolina law, plaintiffs fail to allege facts sufficient to

19  show they directly conferred a benefit on any Manufacturer Defendant.  See Am. Safety

20  Ins. Serv., Inc. v. Griggs, 959 So. 2d 322, 331 (Fla. Dist. Ct. App. 2007); Effler v. Pyles,

21  380 S.E. 2d 149, 152 (N.C. Ct. App. 1989).

22        Accordingly, the State Law Motion is hereby GRANTED, with leave to amend to

23  cure the deficiencies identified above.

24        **C.  MMPA Motion**

25        Purina moves to dismiss Count VI of the FAC for failure to plead Article III standing

26  and failure to state a claim.[2]  For the reasons stated on the record at the hearing, the

27

28        [2] To the extent Purina also moves to dismiss on due process and choice-of-law
grounds, the Court finds such issues are more appropriate for resolution after the

United States District Court
Northern District of California

1  Court is not persuaded by the first argument, but is persuaded by the second.

2        Accordingly, the MMPA Motion is hereby GRANTED, with leave to amend to

3  allege facts demonstrating sufficient "ties between the allegedly fraudulent

4  [Massachusetts] transactions and Missouri." <u>See</u> <u>Perras v. H & R Block</u>, 789 F.3d 914,

5  918 (8th Cir. 2015).

6  **CONCLUSION**

7        Defendants' motions are hereby GRANTED, with leave to amend as set forth

8  above.  Plaintiffs' Second Amended Complaint shall be filed no later than July 31, 2017.

9

10  **IT IS SO ORDERED.**

11

12  Dated: July 10, 2017

13  MAXINE M. CHESNEY
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  pleadings are settled as to the named plaintiff's claim.

4