IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA MOORE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARS PETCARE US, INC., et al.,<br><br>Defendants. | Case No. 16-cv-07001-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; AFFORDING LIMITED LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 117, 118 |

    Before the Court are the following two motions, both filed September 11, 2017: (1) "Motion to Dismiss Plaintiffs' Second Amended Complaint Claim Under § 1 of the Sherman Act" ("Antitrust Motion"), brought collectively by defendants Mars Petcare US, Inc. ("Mars"), Royal Canin U.S.A., Inc. ("Royal Canin"), Nestle Purina Petcare Company ("Purina"), Hill's Pet Nutrition, Inc. ("Hills"), Petsmart, Inc. ("Petsmart"), Medical Management International, Inc. d/b/a Banfield Pet Hospital ("Banfield"), and Bluepearl Vet, LLC ("Bluepearl"); and (2) "Motion to Dismiss Plaintiffs' State Law Claims" ("State Law Motion"), brought collectively by defendants Mars, Royal Canin, Purina, and Hills (hereinafter, "Manufacturer Defendants"). Both motions have been fully briefed.

    The matters came on regularly for hearing on November 17, 2017. Daniel Shulman of Gray, Plant, Mooty, Mooty, & Bennett, P.A.; Edward J. Coyne III of Ward and Smith, P.A.; Michael A. Kelly and Matthew D. Davis of Walkup, Melodia, Kelly &

1  Schoenberger; and Michael L. McGlamry and Wade H. Tomlinson of Pope McGlamry,
2  P.C. appeared on behalf of plaintiffs. John E. Schmidtlein and Xiao Wang of Williams &
3  Connolly LLP appeared on behalf of Mars, Royal Canin, Banfield, and Bluepearl. Jeffrey
4  E. Faucette of Skaggs Faucette LLP appeared on behalf of Mars and Royal Canin.
5  Hannah Y. Chanoine and Michael F. Tubach of O'Melveny & Myers LLP appeared on
6  behalf of Hills. Christopher Curran, Bryan Merryman, and J. Frank Hogue of White &
7  Case LLP appeared on behalf of Purina. Megan O. Curran of Foley & Lardner LLP
8  appeared on behalf of Petsmart.

The Court, having considered the parties' respective written submissions and the arguments of counsel at the hearing, rules as follows.

**A. Antitrust Motion**

The Court, for the reasons stated on the record at the hearing, finds plaintiffs again have failed to plead facts sufficient to "nudge[] their claim[] across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers, 795 F.3d 1124, 1130 (9th Cir. 2015) (affirming dismissal of Section 1 claim under Sherman Act where "factual allegations just as easily suggest[ed] rational, legal business behavior") (internal quotation and citation omitted).

Accordingly, Defendants' Antitrust Motion is hereby GRANTED, and Cause of Action I is hereby DISMISSED without further leave to amend.

**B. State Law Motion**

**1. Causes of Action II-XIII**

To the extent plaintiffs' state law claims, all of which challenge an alleged deceptive practice (see Opp. to State Law Motion at 1:2-3), are based on Manufacturer Defendants' sale of the subject products exclusively through veterinarians or with veterinarian approval, the Court, for the reasons stated on the record at the hearing, finds such claims are subject to dismissal, without further leave to amend, for the reason that plaintiffs again have failed to show such practice is itself deceptive or otherwise

2

misleading.

To the extent plaintiffs' state law claims are based on an allegation that Manufacturer Defendants misrepresent the content of the subject products as being materially different than products for which veterinary intervention is not required, the Court, for the reasons stated on the record at the hearing, finds such claims are subject to dismissal, without further leave to amend, for the reason that plaintiffs again have failed to plead facts sufficient to show the two types of products are not materially different.

To the extent plaintiffs' state law claims are based on an allegation that Manufacturer Defendants' use of the word "prescription" or "Rx" symbol is deceptive, the Court, for the reasons stated on the record at the hearing, finds plaintiffs have failed to adequately allege such use caused any plaintiff's claimed loss. Although plaintiffs' failure to plead causation was raised at the July 7, 2017, hearing on defendants' motions to dismiss plaintiffs' First Amended Complaint, the Court, in light of counsel's representation to the Court that plaintiffs, if given a further opportunity, likely would be able to plead such element, will afford plaintiffs limited leave to amend to cure said deficiency. In particular, plaintiffs will be afforded leave to add, if they can do so, specific factual allegations describing how each Manufacturer Defendant's use of the term or symbol on its products or in its advertising affected each plaintiff's decision to purchase such product(s).

Accordingly, the State Law Motion is hereby GRANTED, Causes of Action II-XIII are hereby DISMISSED, and, with the one exception discussed below, such dismissal is with limited leave to amend to plead causation.

### 2. Cause of Action VI: Purina

Purina moves to dismiss Cause of Action VI on the additional ground that plaintiffs have failed to plead sufficient facts to support extraterritorial application of the Missouri Merchandising Practices Act ("MMPA"), the statute under which such cause of action is brought. The Court, for the reasons stated on the record at the hearing, agrees. See Perras v. H & R Block, 789 F.3d 914, 918 (8th Cir. 2015) (holding plaintiff's claims not

covered by MMPA; finding plaintiff failed to allege sufficient "ties between the allegedly fraudulent transactions and Missouri" where "every part of the transactions . . . occurred in each [putative] class member's home state"); see also id. at 917-18 (distinguishing State ex rel. Nixon v. Estes, 108 S.W.3d 795 (Mo. Ct. App. 2003)).

Accordingly, for such additional reason, Cause of Action VI, as brought against Purina, is hereby DISMISSED without further leave to amend.

## Conclusion

Defendants' motions to dismiss are hereby GRANTED, with leave to amend as set forth above. Plaintiffs' Third Amended Complaint shall be filed no later than December 12, 2017.

**IT IS SO ORDERED.**

Dated: November 21, 2017

MAXINE M. CHESNEY
United States District Judge