IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA MOORE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>MARS PETCARE US, INC., et al.,<br><br>  Defendants. | Case No. 16-cv-07001-MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; VACATING HEARING** |

Before the Court is plaintiffs Tamara Moore, Greta L. Ervin, Raff Arando, Nichols Smith, Renee Edgren, and Cynthia Welton's Motion for Partial Summary Judgment, filed October 28, 2021. Defendants Mars Petcare U.S., Inc., Royal Canin U.S.A., Inc. (collectively, "Mars Defendants"), and Hill's Pet Nutrition, Inc. ("Hill's Pet Nutrition") have filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for January 7, 2022, and rules as follows.

Plaintiffs are six California pet owners who purchased prescription pet food manufactured by defendants. (See Second Amended Class Action Compl. ("SAC") ¶ 16.) In the operative complaint, the SAC, plaintiffs allege defendants' "self-created requirement of a veterinarian's signed prescription as a condition precedent to the purchase" of their prescription pet food "misleads purchasers and consumers by communicating to them that such food is approved by" the Food and Drug Administration ("FDA"), "has been subject to government inspection and testing, and has medicinal and drug properties that legally require a prescription for sale" (see SAC ¶ 11), thereby

causing consumers to "overpa[y] and ma[ke] purchases they otherwise would not have made in the absence of" the prescription requirement (see SAC ¶ 16).

Based on the above allegations, plaintiffs assert, individually and on behalf of a putative class, three state law causes of action,[1] specifically, "Violation of California's Unfair Competition Law," "Violation of California's False Advertising Law," and "Violation of California's Consumer Legal Remedies Act."

In their answers to the SAC, defendants assert affirmative defenses based, respectively, on "federal preemption" (see Mars Defs.' Answer to SAC at 19:24-26; Hill's Pet Nutrition's Answer to SAC at 36:9-11) and California's "safe harbor" doctrine (see Hill's Pet Nutrition's Answer to SAC at 36:14-16). In particular, as relevant to this motion, defendants rely on their asserted compliance with the FDA's "Consumer Policy Guide" ("CPG")[2] (see Defs.' Opp. at 15:13-15 (rejecting contention that CPG "cannot have preemptive force"), 19:22-23 (contending the FDCA "and the CPG bar [plaintiffs'] claims under California's safe-harbor doctrine")), which "lists the factors the FDA intends to consider in determining whether to exercise enforcement discretion with regard to animal drug approval requirements for dog and cat food diets that claim to treat or prevent disease." (See SAC, Ex. N at 3.)

In the instant motion, plaintiffs argue that the CPG "does not create a safe harbor or preempt [p]laintiffs' claims," and that "[d]efendants' alleged compliance with the CPG is not a defense to [said] claims." (See Pls.' Mot. at 1:4-9 (internal quotation omitted).) As set forth below, the Court agrees.

---

[1] By order filed November 21, 2017, plaintiffs' remaining causes of action were dismissed. (See Order Granting Defs.' Mots. to Dismiss.)

[2] Although, as defendants note, the CPG "is not the sole basis" for their preemption and safe harbor defenses (see Opp. at 15:15-16), the instant motion "is limited to partial summary judgment of defenses asserted pursuant to the CPG" (see Pls.' Reply at 5:7-8), and, consequently, to the extent said defenses are based on theories other than the CPG, i.e. the Food, Drug, and Cosmetic Act ("FDCA") (see Opp. at 3:8 (contending "FDCA preempts . . . [p]laintiffs' claims"), 3:20 (contending "FDCA regulations create a safe harbor")), the Court does not address them herein.

As an initial matter, defendants contend the instant motion "should be denied as premature under the one-way intervention rule." (See Opp. at 10:5-6.)

Under the "one-way intervention rule," district courts "generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified." See Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir. 1995). The rule "exists in part to protect defendants from unfair 'one-way intervention,' where the members of a class not yet certified can wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one." See Villa v. S.F. Forty-Niners, Ltd., 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015).

As plaintiffs point out, however, where, as here, a motion seeks only "to clarify a legal question" and "will not resolve the merits of any of [plaintiffs'] claims" (see Reply at 2:22-25 (emphasis omitted)), the one-way intervention rule does not apply, see Fleming v. Greystar Mgmt. Servs., L.P., No. 2:15-CV-00174-SMJ, 2016 WL 4491846, at *7 (E.D. Wash. Aug. 25, 2016) (holding one-way intervention rule inapplicable where "primary issue . . . is not a merits question," but, rather, "a question of law"; finding determination as to whether defendant was "acting as a debt collector" under Fair Debt Collection Practices Act was question of law). Accordingly, the Court next addresses the questions raised by the instant motion.

First, with respect to preemption, although "an agency regulation with the force of law can preempt conflicting state requirements," see Wyeth v. Levine, 555 U.S. 555, 576 (2009), the CPG is not a regulation, nor does it "qualify as informal regulatory activity," see Vanzant v. Hill's Pet Nutrition, Inc., 934 F.3d 730, 737-38 (7th Cir. 2019) (describing CPG as ""Level 1 guidance document that sets forth initial interpretations of statutory or regulatory requirements and details changes in interpretation or policy that are of more than a minor nature") (internal quotation, citation, and alteration omitted)), and, consequently, it does not preempt plaintiffs' state law claims, see Va. Uranium, Inc. v. Warren, 139 S. Ct. 1894, 1901 (2019) (noting, to invoke doctrine of federal preemption, "a litigant must point specifically to a constitutional text or federal statute" that "displace[s]

3

or conflicts with state law" (internal quotation and citation omitted)).

Next, with respect to the "safe harbor" doctrine, the Ninth Circuit, as plaintiffs point out, has expressly found the CPG does not "specifically authorize . . . [defendants'] prescription requirement, prescription label, and related marketing representations." See Moore v. Mars Petcare US, Inc., 966 F.3d 1007, 1018-19 (9th Cir. 2020) (internal quotation and citation omitted). Although, as stated in the CPG, the "FDA is less likely to initiate an enforcement action" against pet food manufacturers "when all of the [listed] factors are present" (see SAC, Ex. N at 7 (listing eleven factors)), the CPG "does not establish any legally enforceable responsibilities, and . . . is not binding on either the FDA or the public," see Vanzant, 934 F.3d at 737-38; see also Moore, 966 F.3d at 1018-19 (adopting Seventh Circuit's reading of CPG), and, consequently, does not "provide a shield" for defendants' alleged conduct, see Torres v. JC Penney Corp., Inc., No. 12-cv-01105-JST, 2013 WL 1915681, at *3 (N.D. Cal. May 8, 2013) (holding safe harbor not provided by federal guidance document lacking "force of law").[3]

## CONCLUSION

Accordingly, for the foregoing reasons:

1. To the extent the Mars Defendants' Eighth Defense and Hill's Pet Nutrition's Eighth Affirmative Defense assert plaintiffs' claims are preempted by the CPG, plaintiffs' motion for partial summary judgment is hereby GRANTED.

2. To the extent Hill's Pet Nutrition's Ninth Affirmative Defense asserts plaintiffs' claims are barred by a safe harbor provided by the CPG, plaintiffs' motion for partial summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: December 22, 2021

MAXINE M. CHESNEY
United States District Judge

---

[3] By the above findings, the Court makes no determination as to "the need for any further discovery or litigation over whether [d]efendants comply with various provisions of the CPG." (See Mot. at 13:10-12 (internal quotation omitted).)

4