Michael A. Kelly (CA State Bar #71460)
mkelly@walkuplawoffice.com
Matthew D. Davis (CA State Bar #141986)
mdavis@walkuplawoffice.com
WALKUP, MELODIA, KELLY
& SCHOENBERGER
650 California Street, 26th Floor
San Francisco, California 94108-2615
Telephone: (415) 981-7210
Facsimile: (415) 391-6965

Daniel Shulman (MN State Bar #100651)
dan@shulmanbuske.com
SHULMAN & BUSKE PLLC
126 North Third Street, Suite 401
Minneapolis, Minnesota 55401
Telephone: (612) 870-7410
Facsimile (612) 870-7462
*Admitted Pro Hac Vice*

Michael L. McGlamry (GA State Bar #492515)
mmcglamry@pmkm.com
Kimberly J. Johnson (GA State Bar #687678)
kimjohnson@pmkm.com
Caroline McGlamry (CA State Bar #308660)
carolinemcglamry@pmkm.com
POPE MCGLAMRY, P.C.
3391 Peachtree Road, NE, Suite 300
Atlanta, Georgia 30326
Telephone: (404) 523-7706
Facsimile: (404) 524-1648
*Admitted Pro Hac Vice*

Lynwood P. Evans (NC State Bar #26700)
lpe@wardandsmith.com
Edward J. Coyne III (NC State Bar #33877)
ejcoyne@wardandsmith.com
Jeremy M. Wilson (NC State Bar #43301)
jw@wardandsmith.com
WARD AND SMITH, P.A.
127 Racine Drive
Wilmington, North Carolina 28403
Telephone: (910) 794-4800
Facsimile: (910) 794-4877
*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA MOORE, GRETA L. ERVIN, RAFF ARANDO, NICHOLS SMITH, RENEE EDGREN, and CYNTHIA WELTON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARS PETCARE US, INC.; ROYAL CANIN U.S.A., INC.; and HILL'S PET NUTRITION, INC.,<br><br>Defendants. | Case No. 3:16-cv-7001-MMC<br><br>**[PROPOSED] ORDER DENYING DEFENDANT MARS PETCARE US, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:   Hon. Maxine M. Chesney<br>Date:    03/24/2023<br>Time:    9:00 a.m.<br>Crtrm.:  7<br><br>**Action Filed:   12/07/16**<br>**Trial Date:     unassigned** |

On December 19, 2022, Defendant Mars Petcare US, Inc. ("Mars") filed a Motion for Summary Judgment on Plaintiff Renee Edgren's individual claims, and Plaintiff Edgren responded in opposition to the motion. The motion was heard on

March 24, 2023. The Court, having considered the papers and materials submitted in support of and in opposition to the motion, oral arguments made at the hearing, and the applicable law, rules as follows:

    Ms. Edgren sued Defendant Mars alleging that Mars engages in deceptive and misleading conduct in violation of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act. Specifically, Ms. Edgren contends that Mars' use of a false and misleading prescription requirement for its Iams Veterinary Formula ("IVF") pet food products, and its material misrepresentations and omissions about these products, deceived Ms. Edgren and other reasonable consumers into believing that these products are prescription products and contain a drug or medicine necessary for their sick pets. Ms. Edgren contends that by imposing and enforcing the prescription requirement, Mars made two false representations to consumers, including Ms. Edgren: (1) that Iams Veterinary Formula products contain a drug or medicine, and (2) that a prescription is required to purchase Iams Veterinary Formula products and thus, these are prescription products. She also claims that Mars makes material omissions about its Iams Veterinary Formula products by failing to disclose to consumers on the product labels or elsewhere that IVF products are not legally required to be sold by prescription and that they do not contain a drug or medicine.

    Mars contends that Ms. Edgren has failed to put forth sufficient evidence to show a genuine dispute as to any material fact and that it is entitled to judgment as a matter of law as to her individual claims. Fed. R. Civ. P. 56(a). Specifically, Mars argues that Ms. Edgren's deposition testimony fails to show that she actually relied upon the alleged deceptive or misleading statements by Mars. Plaintiff Edgren responds, however, that Mars misconstrues this case as a pure labeling and/or advertising case and that she has put forth sufficient evidence that she relied on Mars' self-imposed prescription requirement as a substantial factor in deciding to purchase the IVF product for her dog Barkley because the "prescription" Mars

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2

[PROPOSED] ORDER DENYING DEFENDANT ROYAL CANIN U.S.A, INC.'S MOTION FOR SUMMARY JUDGMENT - CASE NO. 3:16-cv-7001-MMC

1  required for its IVF products misled her into believing that IVF products contain
2  medicine or drugs that were necessary for Barkley's health.
3      Defendant Mars sells various lines of pet foods, including its "Iams Veterinary
4  Formula" line (until it was discontinued on Jan. 1, 2017). For all IVF products, Mar
5  restricted the sale of those products to only those customers whose veterinarians
6  "prescribed" an IVF product.  In other words, consumers could not buy IVF products
7  without a prescription from a veterinarian; a veterinary prescription was a
8  mandatory prerequisite to purchase any IVF product. (*See* Davis Decl. Ex. A at
9  97:15–98:3). Plaintiffs refer to this requirement as the prescription requirement. The
10 prescription requirement was communicated clearly to consumers on the labels of
11 IVF products, which stated, "dog food prescribed and sold only by veterinarians" and
12 "authorized by prescription and sold only through veterinarians." (Davis Decl. Ex. B).
13 Mars contractually required all veterinary, in-store, and online retailers of IVF
14 products to sell those products only to consumers who have a prescription or
15 prescription authorization from their vet. Mars' internal communications further
16 confirm that Mars imposed the prescription requirement and required consumers to
17 purchase the IVF products only pursuant to a prescription from their veterinarian.
18 (Davis Decl. Ex. C; Ex. D).
19     By imposing and enforcing the prescription requirement on all retailers of its
20 IVF products, Mars represented and communicated to every retailer, and to every
21 consumer who purchased an IVF product -- including Plaintiff Ms. Edgren -- that a
22 prescription from a vet was required to purchase the IVF products and that such
23 products are prescription products.
24     Mars implemented and enforced the prescription requirement despite the fact
25 that (a) there was (and is) no legal requirement that Mars limit the sale of its
26 products to customers who have received a prescription from their vet, and (b) IVF
27 products contain no drug or medicine. (Davis Decl. Ex. A at 66:19–67:4). Because
28 consumers could not purchase IVF products without a prescription, every purchaser

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

3

[PROPOSED] ORDER DENYING DEFENDANT ROYAL CANIN U.S.A, INC.'S MOTION FOR SUMMARY JUDGMENT - CASE NO. 3:16-cv-7001-MMC

of IVF products necessarily was exposed to Mars' prescription requirement and false representation that a prescription was required to buy these products, and that, as a "prescription" product, IVF products contained medicine or drugs necessary for the health of their pets.

In December 2014, Ms. Edgren purchased an Iams Veterinary Formula product called "Veterinary Skin & Coat Plus Response KO" dog food that her vet prescribed for Barkley. (Davis Decl. Ex. E at 36:20–25). Ms. Edgren repeatedly testified that she was exposed to, relied upon, and was misled by Mars' false prescription requirement when she purchased this IVF product. (*Id.* at 56:20–57:7, 115:17–115:25). Ms. Edgren confirmed that she purchased the IVF product because her vet *prescribed* it and that the prescription itself influenced her purchase decision.[1] (*Id.* at 63:12–21, 102:25–103:7, 131:24–132:1).

Further supporting her claims that she relied on the prescription requirement in purchasing the IVF product for Barkley, Ms. Edgren testified that that the fact that IVF products were prescription dog food led her to believe the products had a drug or medicine in them. (Davis Decl. Ex. E at 20:7–12, 67:21–68:1, 113:22–114:7, 117:13–18). Plaintiffs further proffered expert evidence that a significant percentage of potential purchasers of prescription pet food products believe that those products contain and drug or medicine based on the way that they are labeled and sold (*i.e.*, pursuant to a prescription). (Report of Rebbecca Reed-Arthurs at ¶¶ 23, 126–143). Mars admits that none of its Iams Veterinary Formula products contained a drug or medicine. Thus, Plaintiff Edgren has put forth sufficient evidence to create an issue of material fact as to whether Mars' prescription requirement constitutes a material

---

[1] [1] As the Ninth Circuit explained, the prescription requirement is material because "it is reasonable for a consumer to rely on the prescription requirement . . . in her purchasing decision for an ailing pet. Pets can, after all, be as cherished and cared for as family members, and a reasonable person in Plaintiffs' shoes would rationally gravitate toward a "prescription" product if that family member's health is at risk." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1021 (9th Cir. 2020).

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

4
[PROPOSED] ORDER DENYING DEFENDANT ROYAL CANIN U.S.A, INC.'S MOTION FOR SUMMARY JUDGMENT - CASE NO. 3:16-cv-7001-MMC

misrepresentation on which she relied.

Under California law, a class representative proceeding on a claim of misrepresentation must demonstrate actual reliance on the allegedly deceptive or misleading statements. See *In re Tobacco II Cases,* 46 Cal. 4th 298, 306, 207 P.3d 20, 26 (2009). The Ninth Circuit's ruling in this case established that the "test for reliance in cases premised on false advertising and misrepresentation to consumers derives from the California Supreme Court decision in *In re Tobacco II*[.]". *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020). To demonstrate a lack of reliance, the defendant must show that the plaintiff admitted that she did not rely on the misrepresentations or omissions of the defendant. *E.g.*, *Hawkins v. Kroger Co.*, 512 F. Supp. 3d 1079, 1093 (S.D. Cal. 2021). In other words, unless it is absolutely clear from the plaintiff's testimony that the plaintiff did not rely on the misrepresentation or omissions at issue, a court should deny summary judgment on the issue of reliance and let the jury decide the issue. See *id*.

Plaintiff's testimony and evidence is sufficient to demonstrate a genuine issue of material fact as to whether Ms. Edgren's relied on the prescription requirement in deciding whether to purchase the Iams Veterinary Formula product. Mars' attempts to limit the type of misrepresentation or omission to only those appearing in an advertisement or in traditional consumer-facing marketing from Mars itself are unavailing. Plaintiff's proffered evidence is sufficient for a finder of fact to conclude that through the prescription requirement, Mars' makes material misrepresentations to consumers, including Ms. Edgren, that its IVF products contain a drug or medicine and are prescription products, that Plaintiff's veterinarian was required to prescribe the IVF product in order for Plaintiff to buy it, and that the prescription was a substantial factor in Plaintiff's decision to purchase Mars' IVF product for Barkley.

Mars also seeks summary judgment on Ms. Edgren's claims for injunctive relief, arguing that because Mars has discontinued the IVF line of products and because Ms. Edgren testified that she would not purchase prescription pet food in the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5

[PROPOSED] ORDER DENYING DEFENDANT ROYAL CANIN U.S.A, INC.'S MOTION FOR SUMMARY JUDGMENT - CASE NO. 3:16-cv-7001-MMC

future "if there is no drug in it[,]" she does not face the type of "actual and imminent" "threat of injury" required to satisfy standing to pursue such relief. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). This argument is likewise unavailing. *Davidson* established that a plaintiff may retain standing to pursue injunctive relief if she establishes that she "will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969. First, Mars has not guaranteed that it will never sell the IVF product line or another similar false prescription product again. Additionally, if Mars does not intend to sell IVF products or other similar products using the false prescription requirement in the future, then the balancing of hardships promotes the court awarding Ms. Edgren the injunctive relief sought as Mars will not be harmed by the injunction. *E.g.*, *Vital Pharms. v. PhD Mktg., Inc.*, No. CV 20-06745-RSWL-JCX, 2022 WL 2952495, at *8 (C.D. Cal. July 26, 2022). Finally, per *Davidson*, Ms. Edgren has standing to pursue injunctive relief because she would be willing to purchase prescription pet food in the future if she could ensure the truthfulness of the prescription requirement. Unless Mars is enjoined from its deceptive prescription requirement, Ms. Edgren cannot be sure that it has ceased its misrepresentations and could suffer further injury in the future. *See Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 976 (N.D. Cal. 2022) (finding plaintiff had standing to pursue injunctive relief due desire to purchase deceptively marketed product only if the court enjoins the deceptive practices so plaintiff can trust it is what it claims to be). Ms. Edgren's testimony supports that she has suffered an injury-in-fact and demonstrates a genuine issue of material fact as to an actual and imminent threat of injury absent an injunction against Mars's challenged conduct. She thus has standing to seek injunctive relief.

Lastly, Mars' contention that because Ms. Edgren moved out of California she is no longer able to avail herself of the protections of the California consumer protection statutes is incorrect. Ms. Edgren's claims arise from purchases made in

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

6
[PROPOSED] ORDER DENYING DEFENDANT ROYAL CANIN U.S.A, INC.'S MOTION FOR SUMMARY JUDGMENT - CASE NO. 3:16-cv-7001-MMC

California, based on Mars' misrepresentations made to her in California, and she suffered injuries in California. The case law is clear that "non–California citizens who made purchases in California could assert the same California causes of action that [California citizen] Plaintiffs do[.]" *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1148 (N.D. Cal. 2013). The fact that Ms. Edgren has moved from California has no impact on her claims in this case.

## CONCLUSION

Accordingly, for the foregoing reasons, Mars' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

DATED:

_____
The Honorable Maxine M. Chesney
United States District Judge

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

7
[PROPOSED] ORDER DENYING DEFENDANT ROYAL CANIN U.S.A, INC.'S MOTION FOR SUMMARY JUDGMENT - CASE NO. 3:16-cv-7001-MMC

# PROOF OF SERVICE

**Moore, et al. v. Mars, et al.**
**Case No. C:16-cv-7001-MMC**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place, My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

**[PROPOSED] ORDER DENYING DEFENDANT MARS PETCARE US, INC.'S MOTION FOR SUMMARY JUDGMENT**

to:

Counsel for Hill's Pet Nutrition, Inc.

Michael Fredrick Tubach, Esq.
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3305
Direct:  (415) 984-8876
Office:  (415) 984-8700
Fax:  (415) 984-8701
mtubach@omm.com

Hannah Y. Chanoine (pro hac vice)
Gerard Savaresse (pro hac vice)
Jeffrey A. N. Kopczynski (pro hac vice)
Anna Schneider (pro hac vice)
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
Office:  (212) 326-2000
Fax:  (212) 326-2061
hchanoine@omm.com
gsavaresse@omm.com
jkopczski@omm.com
aschneider@omm.com

Richard B. Goetz, Esq.
Justine M. Daniels, Esq.
O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, CA  90071-2899
Office:  (213) 430-6000
Fax:  (213) 430-6407
rgoetz@omm.com
jdaniels@omm.com

Amy Laurendeau, Esq.
O'Melveny & Myers LLP
610 Newport Center Drive
Newport Beach, CA  92660
Office:  (949) 823-6900
Fax:  (949) 823-6994
alaurendeau@omm.com

<u>Counsel for Mars Petcare US, Inc.; and
Royal Canin USA, Inc.</u>

| | |
|---|---|
| Jeffrey E. Faucette, Esq.<br>Skaggs Faucette LLP<br>Four Embarcadero Center, Suite 500<br>San Francisco, CA 94111<br>Office: (415) 295-1197<br>Fax: (415) 433-5994<br>jeff@skaggsfaucette.com | Stephen D. Raber, Esq.<br>Joseph Bushur, Esq.<br>Campbell Curry-Ledbetter, Esq.<br>Williams & Connolly LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>Office: (202) 434-5000<br>Fax: (2020 434-5029<br>sraber@wc.com<br>jbusher@wc.com<br>ccurry-ledbetter@wc.com |

<u>Counsel for Plaintiffs</u>

| | |
|---|---|
| Michael L. McGlamry, Esq.<br>Michael Morrill, Esq.<br>Kimberly J. Johnson, Esq.<br>Caroline G. McGlamry, Esq.<br>POPE MCGLAMRY, P.C.<br>3391 Peachtree Road, NE, Suite 300<br>Atlanta, Georgia 30326<br>Telephone: (404) 523-7706<br>Facsimile: (404) 524-1648<br>mmcglamry@pmkm.com<br>mikemorrill@pmkm.com<br>kimjohnson@pmkm.com<br>carolinemcglamry@pmkm.com<br>*Admitted Pro Hac Vice* | Lynwood P. Evans, Esq.<br>Edward J. Coyne III, Esq.<br>Jeremy M. Wilson, Esq.<br>Luke C. Tompkins, Esq.<br>WARD AND SMITH, P.A.<br>127 Racine Drive<br>Wilmington, North Carolina 28403<br>Telephone: (910) 794-4800<br>Facsimile: (910) 794-4877<br>lpe@wardandsmith.com<br>ejcoyne@wardandsmith.com<br>jw@wardandsmith.com<br>LCTompkins@wardandsmith.com<br>*Admitted Pro Hac Vice* |

Daniel Shulman, Esq.
SHULMAN & BUSKE PLLC
126 North Third Street, Suite 401
Minneapolis, Minnesota 55401
Telephone: (612) 870-7410
Facsimile: (612) 870-7462
dan@shulmanbuske.com
*Admitted Pro Hac Vice*

**BY ELECTRONIC TRANSMISSION:** Pursuant to CCP 1010.6(e), I caused the above-titled document(s) to be electronically served on the persons at the electronic service addresses listed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2023, at San Francisco, California.

*/s/ Kirsten Benzien*
Kirsten Benzien

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
[PROPOSED] ORDER DENYING DEFENDANT MARS PETCARE US, INC.'S MOTION FOR
SUMMARY JUDGMENT - CASE NO. 3:16-cv-7001-MMC

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210