UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAMARA MOORE, et al.,
Plaintiffs,
v.
MARS PETCARE US, INC., et al.,
Defendants.

Case No. 16-cv-07001-MMC (LJC)

**TENATIVE ORDER RESOLVING JOINT DISCOVERY LETTER REGARDING ROYAL CANIN'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Re: Dkt. No. 445

This action concerns the marketing and sale of certain pet food products. The sole remaining Plaintiff Greta L. Ervin and Defendant Royal Canin USA, Inc. have filed the joint discovery letter now before this Court. ECF No. 445. Having considered the parties' joint letter and exhibits, the record in this action, and relevant authorities, for the reasons explained below, the Court tentatively orders the following. No later than November 17, 2026, Ervin may file a stipulation stating that none of her claims in this action are based on the marketing of, nor any of her purchases of, pet food after the date her deposition was taken, and she will not rely on evidence pertaining to such purchases or marketing after that date to establish liability or damages in this action. If Ervin files such a stipulation by that date, Royal Canin's request to compel Ervin's response to its Second Set of Interrogatories and Requests for Production is **DENIED**. If Ervin declines to file a stipulation by that date, she shall respond to Royal Canin's Second Set of Interrogatories and Requests for Production by November 24, 2026. If either party objects to this tentative order, the objecting party shall file a statement no later than November 10, 2026, registering the objection to the tentative ruling and the Court will set a hearing date for further argument on the matter on November 12, 2026 at 9:00 am via Zoom.

United States District Court
Northern District of California

## I. BACKGROUND

This action was initially filed as a class action, but in 2024, this Court denied class certification. A petition for permission to appeal was filed and the Ninth Circuit denied the petition. ECF Nos. 430, 431. In a subsequent joint case management statement, the parties addressed how to resume the litigation to bring it to a final adjudication. In the joint statement, the parties described Plaintiff's claims and Defendant's defenses as follows:

> Plaintiff contends that the products were marketed and sold as requiring a prescription from a veterinarian; that those descriptions and related marketing conveyed to reasonable consumers that the products were subject to regulatory oversight, approval, or therapeutic distinctions that justified their premium pricing and restricted sale; and that such representations were misleading. Defendant denies plaintiff's allegations and denies that its marketing or labeling was false, deceptive, or unlawful.

ECF No. 439.

In the joint statement, the parties also registered briefly their disagreement regarding the need for further discovery, stating:

> The case has a lengthy history, and the parties have completed substantial fact and expert discovery.
>
> Plaintiff's position is that merits discovery necessary to bring the matter to trial has been completed, or can be completed promptly if the Court believes limited supplemental pretrial discovery is warranted because of the passage of time.
>
> Defendant's position is that limited additional merits-related fact and expert discovery is needed in advance of trial. Specifically, defendant requires limited supplemental fact discovery of plaintiff relating to her pets' health, veterinarian records, and pet food purchases, and may require fact discovery of third parties. Defendant also requires the opportunity to submit expert reports addressing merits issues

*Id.* at 4.

After the joint statement was filed, the Court held a further case management conference and directed the parties to file by June 12, 2026, a proposed pretrial and trial schedule. ECF No. 440. Based on the minutes from the further case management conference, it did not appear that the Court resolved the dispute concerning whether further merits discovery would be permitted, and what, if any, limitations would apply. *Id.* However, on June 8, 2026, before the deadline for

United States District Court
Northern District of California

the parties' scheduling proposal, Royal Canin filed its Second Set of Interrogatories and Requests for Production on Ervin.

On June 12, 2026, the parties filed their respective positions regarding the schedule, and each side again addressed whether further merits fact discovery should proceed. Ervin stated:

> No further non-expert discovery should be allowed or required. Recovery for Plaintiff Ervin's individual claim is anticipated to be approximately $1,000.00 and extensive discovery has already occurred in this case. Defendant has already taken the depositions of Plaintiff Ervin, Plaintiff Ervin's now-former husband, Plaintiff Ervin's veterinarian, and every expert that Plaintiffs put forward in support of class certification, among others. Defendant, and its affiliate, has also already taken written discovery of Plaintiff Ervin, including interrogatories and request for production of documents.

Defendant stated:

> Defendant believes that allowance for modest additional fact and expert discovery is warranted for two principal reasons. First, because nearly five years have passed since Plaintiff provided fact discovery in this case, Defendant believes limited supplemental discovery of Plaintiff is appropriate and warranted. Second, the discovery schedule that the Court previously entered in this matter addressed deadlines for discovery relating to class certification. See ECF No. 162. While the parties did take discovery during this period that bore upon merits issues, it would not be appropriate to foreclose the possibility of appropriately tailored additional fact or expert discovery at this time.

ECF No. 441.

Defendant Royal Canin did not mention the discovery it had served on Ervin just four days earlier.

On June 23, 2026, the Presiding Judge issued a Pretrial Preparation Order that directed, among other things,

> No depositions of individuals who have already been deposed may be taken without specific leave of court.
>
> No interrogatories may be posed to individuals who have previously responded to interrogatories unless specific leave of court has been granted; and no request for document production are to be made to individuals who have previously responded to document requests unless specific leave of court has been granted.

ECF No. 442.

United States District Court
Northern District of California

**II. ANALYSIS**

First, with respect to the legal standard that applies, the undersigned does not read the June 23, 2026 Pretrial Preparation Order as mandating that Royal Canin meet a "good cause" standard that is distinct from the ordinary standard under Rule 26(b)(1) to justify further discovery. Ervin argues that the order "clearly contemplates a standard higher than relevancy before further discovery is allowed." Rule 26(b)(1) already provides that the scope of permissible discovery consists of "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ***and*** proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added).

Because the Presiding Judge intended for judicial review of any further anticipated merits discovery and an order granting leave before such discovery could proceed, and none of Royal Canin's filings before her Pretrial Preparation Order presented the proposed discovery requests for her consideration, the undersigned now considers whether leave is warranted with respect to Royal Canin's Second Set of Interrogatories and Requests for Production.

Royal Canin's Second Set of Interrogatories asks that Ervin provide the following information:

> 18. Identify by brand name, product name, type (e.g., dry, wet, treat), and manufacturer all pet foods that you have purchased from the Deposition Date to the present. For each product identified, state the approximate date(s) of purchase, the store or location from which it was purchased, the price paid (if known), and the pet(s) for which it was purchased.
>
> 19. Identify each pet (by name, species, breed, and approximate age) that you have owned, cared for, or resided with from the Deposition Date to the present. For each pet identified, state whether the pet is currently living, and if not, state the approximate date of death and cause of death (if known).
>
> 20. For each pet identified in your response to Interrogatory No. 19, identify each veterinarian or veterinary practice that has provided care to the pet from the Deposition Date to the present, and identify all treatments or dietary recommendations made by each such

> veterinarian, including any recommendation to purchase any food requiring a prescription, veterinary authorization, or other approval from a licensed veterinarian before it can be purchased by a consumer.
>
> 21. State whether, at any time from the Deposition Date to the present, you have purchased, considered purchasing, or been recommended by a veterinarian to purchase any pet food that requires a prescription, veterinary authorization, or other approval from a licensed veterinarian before it can be purchased by a consumer. If so, identify the product, the date, the recommending veterinarian (if applicable), and whether you made the purchase.

ECF No. 445-2

Royal Canin's Second Set of Requests for Production to Ervin requested:

> 1. All Documents reflecting veterinary records, including but not limited to office visit notes, medical charts, invoices, receipts, treatment plans, lab results, vaccination records, and dietary or nutritional recommendations, for each pet you have owned, cared for, or resided with from the Deposition Date to the present.
>
> 2. All Documents reflecting Communications between you and any veterinarian from the Deposition Date to the present.

Royal Canin contends that relevant ***new*** facts likely exist and, thus, the Court should not freeze the factual record to those facts that existed as of December 2021. Royal Canin argues that it needs discovery concerning whether Ervin is buying (or preparing at home) food for her pets that might be more expensive than the Royal Canin diet, in which case she has no basis to assert that she paid more for Royal Canin food than other pet foods with similar ingredients, and thus would have no monetary damages. Further, according to Royal Canin, Plaintiff may have since bought a veterinary/prescription diet based on a veterinarian's recommendation, which would undermine her allegation that she purchased any Royal Canin diet in reliance on Royal Canin's alleged misrepresentations. In addition, Royal Canin argues that discussions with Plaintiff's veterinarians about diet, food, and medications are relevant to her allegations that Royal Canin misleads consumers, in part, through messaging from their trusted veterinarians.

Ervin responds that the discovery to which she has already responded covers any such purchases for a period of approximately nine years. Ervin also expresses that she is "willing to represent," through her counsel, that she has not purchased any prescription pet food since 2021. Ervin states, and Royal Canin does not dispute, that the sole remaining claim is anticipated to be



United States District Court
Northern District of California

valued at approximately $1,000.

Having reviewed the parties' arguments, Royal Canin's further discovery requests are disproportionate to the needs of the case insofar as Plaintiff does not appear to seek to prove the merits of her claims or damages based on pet food purchases or marketing that occurred after 2021. To the extent there is any ambiguity that further discovery is needed for the time period after December 8, 2021, Ervin may dispel that ambiguity by filing a stipulation making clear that she does not intend to assert liability or damages based on purchase or misrepresentations that occurred after that date.

## III. CONCLUSION

No later than November 17, 2026, Ervin may file a stipulation stating that none of her claims in this action are based on the marketing of, or any of her purchases of, pet food after December 8, 2021, the date her deposition was taken, and she will not rely on evidence pertaining to such purchases or marketing after that date to establish liability or damages in this action. If Ervin files such a stipulation by that date, Royal Canin's request to compel Ervin's response to its Second Set of Interrogatories and Requests for Production is **DENIED**. If Ervin declines to file a stipulation by that date, she shall respond to Royal Canin's Second Set of Interrogatories and Requests for Production by November 24, 2026.

If either party objects to this tentative order, the objecting party shall file a statement no later than November 10, 2026, registering the objection to the tentative ruling and the Court will set a hearing date for further argument on the matter on November 12, 2026 at 9:00 am via Zoom.

**IT IS SO ORDERED.**

Dated: November 9, 2026

LISA J. CISNEROS
United States Magistrate Judge